IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

CHRISTOPHER NALLS,

    Plaintiff,

v.   Civil Action No. CV-98-J-2850-J

SHERIFF JAMES TURNER,
individually and in his official
capacity; BUTCH HUDSON,
individually and in his official
capacity; and SAM STRIEGAL,
individually and in his official
capacity

    Defendants.

# MEMORANDUM OPINION

This cause comes before this court on defendants' motion to dismiss (doc. 48). Defendants offer many reasons for dismissing the complaint. As discussed below, defendants' motion is due to be granted in part and denied in part.

The court must assume that plaintiff's factual allegations are true when ruling on a motion to dismiss. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Fed.R.Civ.P. 12 (b)(6). A complaint may be dismissed under rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts in support of the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.

51

2d 59 (1984); *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577 (11th Cir. 1986). A dismissal of the complaint is appropriate when no construction of the complaint allegations will support the cause of action. *Marshall County Board of Education v. Marshall County Gas District,* 992 F.2d 1171, 1174 (11th Cir. 1993). . 1993).

Plaintiff was incarcerated at the Fayette County Jail. Defendant Striegal had entrusted one inmate, Kenny Sherd, with a set of keys to various areas within the jail. Sherd opened plaintiff's cell door and allowed another inmate to enter plaintiff's cell and beat him. Plaintiff suffered a broken nose, back injuries, bruises, and contusions as a result of this attack. After this attack the plaintiff was denied medical treatment. According to plaintiff, he requested medical attention from January 14, 1998 through May 18, 1998.

Defendants argue that the amended complaint is due to be dismissed because it added three parties after the 2-year statute of limitations. The three defendants added are: James Turner, Butch Hudson, and Sam Striegal. This amendment occurred on August 25, 2000. Plaintiff's original complaint was filed on November 10, 1998. Plaintiff was pro se at the time he filed his complaint. Plaintiff stated in his original complaint "I want to sue the Fayette County Commission and Sheriff Dept." On July 20, 2000, Judge Armstrong gave the defendant 20 days to amend his complaint. That period was extended to August 25, 2000.

Judge Armstrong instructed the defendant to add the individual defendants in his

order allowing the complaint amendment. Under the FRCP 15(c) advisory notes, the name-correcting amendment allows for "any additional time resulting from any extension ordered by the court . . .". By initially suing the sheriff department it would appear that the notice requirement of Rule 15(c) has been met and due to Judge Armstrong's orders, the complaint amendments relate back to the original filing date.

Defendants argue that under the Prison Litigation Reform Act the plaintiff must exhaust all administrative remedies before instituting a §1983 action. According to the defendants, plaintiff failed to meet this burden because Alabama provides an opportunity to file a claim before the Alabama State Board of Adjustment pursuant to Ala. Code §41-9-60. That statute provides for a "Board of Adjustment" which provides compensation or relief when the rule of sovereign immunity exempts the State and its respective agencies from suit. *See Ex parte Cranman,* 2000 WL 1728367 *23 n. 9 (Ala.).

The failure to file a claim with the Board of Adjustment does not bar this claim. The Eleventh Circuit has ruled that the PLRA exhaustion mandate should be strictly enforced and does not allow for the usual judicial waiver of exhaustion if the administrative steps are futile or inadequate. *Alexander v. Hawk,* 159 F.3d 1321, 1325 (11th Cir. 1998). However the Alabama district courts which have applied this exhaustion requirement ruled that the exhaustion bar only applies to "available" administrative remedies and for cases where a complaint was dismissed, the respective plaintiffs were aware of the administrative grievance procedures which were enacted within the respective jails. *See e.g., A.N.R. v. Caldwell,* 111 F.Supp.2d 1294, 1297-1298

(M.D. AL 2000) ("The Talapoosa County Jail maintains a detailed formal grievance policy. . . . All inmates are informed of the policy."); *Edwards v. Alabama Department of Corrections*, 81 F.Supp.2d 1242, 1256 (M.D. AL 2000) ("[T]he PLRA does not require plaintiffs to exhaust those administrative remedies that are not actually made available to them . . . Defendants have produced evidence demonstrating . . .formal grievance procedures . . . and that inmates do routinely receive notice of the availability of such procedures.").

The Board of Adjustment is a general entity for all state agencies that have sovereign immunity. It is not a local in-house administrative procedure nor is it limited to prison claims. There is no evidence that plaintiff was ever made aware of the existence of the Board of Adjustment, much less the procedure to bring a claim before it.

Even if there was proof that plaintiff was aware of the Board of Adjustment it would appear that he could not have brought this claim, because the Board would not have had jurisdiction over his claim. The Board has the power to hear claims against state departments and agencies that are immune from suit. This case is against employees of the state for alleged violations of Constitutional law. Under §41-9-62(b), the Board of Adjustment does not have jurisdiction over "any matter or claim of which the courts of this state have or had jurisdiction." Alabama state courts not only have jurisdiction over §1983 claims, they must exercise said jurisdiction. *Terrell v. City of Bessemer,* 406 So.2d 337 (Ala. 1981) ("[C]ourts of this state must accept jurisdiction over claims brought under 42 U.S.C. §1983 if a §1983 plaintiff selects a state court as his

4

forum.").

Defendants move this court to dismiss plaintiff's claims against these defendants in their official capacity. "Alabama jailers are state officials entitled to Eleventh Amendment immunity." *Lancaster v. Monroe County,* 116 F.3d 1419, 1429 (11th Cir. 1997). Sheriff's deputies also are protected from official capacity suits by the Eleventh Amendment. *Carr v. City of Florence,* 916 F.2d 1521, 1525 (11th Cir. 1990). Therefore plaintiff's official capacity claims are due to be dismissed.

Plaintiff has met the specificity and pleading burden by alleging that the policy of the jail resulted in a deliberate indifference to the plaintiff's well being and safety. The plaintiff has alleged that a prisoner in the jail had keys to the cell. This prisoner allowed another prisoner to enter plaintiff's cell and beat the plaintiff. After this beating, the plaintiff alleges the defendants denied him access to medical treatment for approximately 5 months. The court must take these allegations as true at the motion to dismiss stage. *Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994). The court is of the opinion that plaintiff's statement filed October 19, 2000 (doc. 41) is sufficient at this early stage of litigation.

Defendants argue that plaintiff's claim for injunctive relief is moot as he is no longer incarcerated at the Fayette County Jail. "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega County, Alabama* 745 F.2d 1360, 1363 (11th Cir. 1984). Because plaintiff is no longer incarcerated at the Fayette County Jail, his claim for

injunctive relief is due to be dismissed.

Defendants' motion to dismiss (doc. 48) is **GRANTED** in part and **DENIED** in part. Defendants' motion to dismiss is **GRANTED** with respect to plaintiff's official capacity claims and claim for injunctive relief. Plaintiff's claims against these defendants in their official capacities are **DISMISSED**. Plaintiff's claim for injunctive relief is also **DISMISSED**. With regard to plaintiff's remaining claims, defendants' motion to dismiss is **DENIED**.

**DONE** and **ORDERED** this the 9 day of January, 2001.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE